## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ADEBOWALE IJIYODE,                )
                                  )
    Plaintiff,            )
                                  )
v.                                )    Case No. CIV-25-999-D
                                  )
OKLAHOMA CITY POLICE              )
DEPARTMENT, *et al.*,             )
                                  )
    Defendants.           )

## <u>ORDER</u>

Before the Court is Plaintiff's response to the Court's April 21, 2026 Order directing Plaintiff to show cause why this action should not be dismissed without prejudice for failure to effect service of process within 90 days after filing the Complaint pursuant to Fed. R. Civ. P. 4(m).  [Doc. No. 4].

Plaintiff contends that service has not yet been timely effected because he has been awaiting resolution of a related state-court civil forfeiture proceeding arising from the same underlying facts as this case. *Id.* Plaintiff alleges that he purposefully was waiting to serve Defendants, so that two forums would not be addressing the same facts. *Id.* Furthermore, Plaintiff asserts that he is currently actively taking measures "to identify and confirm proper service information for all Defendants to effect service without further delay." *Id.*

Upon consideration, the Court finds that Plaintiff has failed to show good cause for lack of timely service. Although the Tenth Circuit has not conclusively defined "good cause" for purposes of Rule 4(m), the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Broitman v. Kirkland (In re*

1

*Kirkland*), 86 F.3d 172, 174 (10th Cir. 1996); *see Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438-39 (10th Cir. 1994); *accord Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176; *Despain*, 13 F.3d at 1438. In this case, Plaintiff made no attempt to serve Defendants. Rather, Plaintiff has made a deliberate, strategic decision to delay service until he felt the purportedly related state-court civil forfeiture matter was sufficiently resolved.

The question thus becomes whether the Court should exercise its discretion to allow additional time for service. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."). In making this decision, a district court should consider any pertinent factors or policy considerations. *Id.* at 842. Examples include prejudice to the plaintiff from a dismissal "if the applicable statute of limitations would bar the refiled action;" prejudice to the defendants if additional time is allowed; a complicated service rule, such as "the complex requirements of multiple service" on federal defendants; and protecting a *pro se* plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 & n. 8.

The short delay of service has not resulted in a significant prejudice to Defendants. Moreover, although the Court makes no determination regarding the statute of limitations, denying Plaintiff's request to extend the deadline to serve Defendants may result in the

statute of limitations negatively impacting Plaintiff's claims.[1]  Accordingly, the Court will allow a limited extension of thirty (30) days from the date of this Order to effect service of process. Absent proof of service within the extended deadline, or a changed procedural posture of the case, this action will be dismissed without prejudice to refiling and without further notice to Plaintiff.

    **IT IS SO ORDERED** this 8th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] A two-year statute of limitations governs Plaintiff's § 1983 claims. *See Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 690 (10th Cir. 2018) ("We have determined, as a matter of law, that every § 1983 claim is in essence an action for injury to personal rights, and thus apply the most analogous Oklahoma statute, which provides a two-year limitations period." (internal citation and quotation omitted).